IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT LEE CODY, ID # 1374410, )<br>Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | No. 3:08-CV-1029-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for driving while intoxicated in Cause No. F05-60454-IM. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On June 5, 2006, petitioner was convicted of driving while intoxicated, and received a forty-year sentence. (Pet. Writ of Habeas Corpus (Pet.) at 2); *Cody v. State*, No. 05-06-01222-CR, 2007 WL 1064328, at *5 (Tex. App. – Dallas Apr. 11, 2007, pet. ref'd). On April 11, 2007, the Court of Appeals for the Fifth District of Texas at Dallas affirmed his conviction. *See Cody*, 2007 WL 1064328, at *5. Petitioner raised two issues on appeal:

> (1) he did not knowingly and voluntarily plead guilty because he was under the false impression the trial court could assess his punishment at community supervision with drug rehabilitation treatment as a condition; and (2) the trial court erred when it allowed the State to use his prior 1985 felony DWI conviction to elevate the charged offense to a third degree felony and to enhance his punishment.

*Id.* On September 12, 2007, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Pet. at 3.)

On September 12, 2006, and September 12, 2007, the Texas Court of Criminal Appeals dismissed state writs filed by petitioner because his direct appeal was still pending when he filed them. *See* Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Cody%2C+Robert&Style_2=&COACaseNumberNo= (accessed Oct. 28, 2008) (Official internet site of the Texas Court of Criminal Appeals) (follow links for ultimate disposition of two state writs).

In June 2008, petitioner filed the instant federal petition for writ of habeas corpus. (Pet. at 1, 9.) In four grounds for relief, he asserts the following claims: (1) invalid indictment; (2) double jeopardy caused by using two 1985 convictions and ones from 1991 and 1997 to enhance his sentence; (3) improper police procedures; (4) his attorney rendered ineffective assistance of counsel when he failed to inform the prosecution that petitioner wanted to accept a plea for twenty-years imprisonment; and (5) the judge erred by not appointing another attorney and by not sending petitioner to a drug program. (*Id.* at 7-8.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal

court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. Although he appealed his conviction, he raised different claims than he now raises. His two state writs were dismissed without consideration of the merits. The Texas Court of Criminal Appeals has thus had no opportunity to consider the claims raised by petitioner in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the

court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. Although he appealed his conviction, he raised different claims than he now raises. His two state writs were dismissed without consideration of the merits. The Texas Court of Criminal Appeals has thus had no opportunity to consider the claims raised by petitioner in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the

state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice[1] for failure to exhaust state court remedies.

**SIGNED this 28th day of October, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] "Without prejudice" means that the dismissal of itself will not prevent petitioner from filing a later federal petition to challenge his conviction. The one-year statute of limitations may bar a later petition if petitioner does not diligently pursue his state habeas remedy and return to this Court. From the information provided in the instant petition and from the cited web site, it appears that petitioner still has time to pursue his claims through the state writ process and return to this Court within the limitations period. See 28 U.S.C. § 2244(d)(2) (statutorily tolling limitations period while a properly filed state writ is pending).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE